**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————

| | |
|---|---|
| **STEPHEN MITCHELL,** | **01 Civ. 2760 (JGK)(GWG)** |
| Plaintiff, | |
| | **OPINION & ORDER** |
| - against - | |
| **THE ADMINISTRATOR AND THE DIRECTOR OF THE ASSIGNED COUNSEL PLAN OF THE CITY OF NEW YORK, et al.,** | |
| Defendants. | |

———————————————————————

**JOHN G. KOELTL, District Judge:**

The plaintiff, Stephen Mitchell, has filed objections to Magistrate Judge Gorenstein's March 31, 2005 Order granting a protective order providing that the defendants need not disclose those portions of certain documents to be produced in discovery that identify judges and attorneys who provided evaluations to the First Department Departmental Screening Committee (the "Committee"). See Mitchell v. Fishbein, 01 Civ. 2760, 2005 WL 729483 (S.D.N.Y. Mar. 31, 2005). Applying the balancing test under Federal Rule of Civil Procedure 26(c), the Magistrate Judge found that the harm caused by disclosing the identities of the judges and attorneys outweighed the need for the identification of those who provided the information. Id. at*4-*8. In particular, the Magistrate Judge noted that the evaluations were provided in confidence, the affidavits showed the importance of confidentiality, at least two evaluators had refused to speak to

1

the Committee even with a promise of confidentiality, two judges asked that their names be kept even from other members of the Committee, and another evaluator asked that his identity not be provided to anyone outside the subcommittee reviewing Mr. Mitchell's application. Id. At *5. The Magistrate Judge found that the confidentiality of the identities of the evaluators was essential to the functioning of the screening process and that the screening process performed by the Committee advanced an important public interest by ensuring effective representation of indigent criminal defendants in satisfaction of its constitutionally mandated responsibilities. Id. at *5-*6. Weighed against these interests, the Magistrate Judge found that the plaintiff's interests were insufficient to require disclosure of the identities of the evaluators. Id. at *7. The Magistrate Judge noted that, in this case, the substance of the comments would be disclosed and that those comments, and the contemporaneous documents and the testimony of the Committee members would be the most compelling evidence as to whether the plaintiff's certification was based on an impermissible motive. Id.

The standard of review for a decision by the Magistrate Judge on a discovery issue is whether the ruling is clearly erroneous or contrary to law. See Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Collens v. City of New York, 222 F.R.D.

249, 251 (S.D.N.Y. 2004); In re Buspirone Patent Litig., 210 F.R.D. 43, 52 (S.D.N.Y. 2002). An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, No. 00 Civ. 5004, 2001 WL 1142231, at *1 (S.D.N.Y. Sept. 27, 2001) (internal quotation omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotation omitted).

The plaintiff has failed to demonstrate that the Magistrate Judge's decision was clearly erroneous or contrary to law. In urging that the Magistrate Judge's decision be reversed, the plaintiff does not address the balancing test under Rule 26(c), or explain why the harm that would follow the disclosure of the identities of evaluators who were promised confidentiality would be outweighed by the potential value of the discovery. The plaintiff does not even address the balancing test under Rule 26(c) or suggest that the wrong test was used. Rather, the plaintiff raises a series of objections that do not undercut the careful balancing test applied by the Magistrate Judge.

First, the plaintiff argues that he is entitled to the names of all the evaluators so that he can sue them if appropriate: "The plaintiff is entitled to sue these people if he believes they violated his rights . . . ." (Objections to the

3

Magistrate's Orders of March 31, 2005, filed Apr. 28, 2005 ("Obj."), at 1.) The plaintiff then argues, citing <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam), that he is entitled to the names of these people because the Court has the obligation to help him ascertain the identity of defendants so that he can join them in the lawsuit. (Obj. at 2-3.)

The plaintiff's reliance on <u>Valentin</u> is misplaced. In <u>Valentin</u>, the Court of Appeals for the Second Circuit found that the trial court had an obligation to assist the <u>pro se</u> plaintiff in identifying a specific, named defendant so that the defendant could be served. <u>Valentin</u>, 121 F.3d at 75-76. Here, while there are unnamed defendants, those defendants are sued in their capacity as employees of the City of New York and are identified as people who assisted the Committee. There is no suggestion in the Amended Complaint that the plaintiff has sued those who provided information to the Committee. Furthermore, <u>Valentin</u> was not cited to the Magistrate Judge and the plaintiff did not argue to the Magistrate Judge that the Court had the obligation to locate new defendants for the plaintiff. That is an argument that should be presented to the Magistrate Judge in the first instance. See <u>American Centennial Ins. Co. v. Seguros La Republica, S.A.</u>, No. 91 Civ. 1235, 1992 WL 162770, at *1 (S.D.N.Y. June 22, 1992) (declining to address argument not raised before magistrate judge). Finally, the plaintiff's

4

argument that he needs the names of evaluators who provided comments that were critical of him underscores the rationale for confidentiality: to encourage the provision of candid comments without fear of reprisals.

The plaintiff also argues that the names of the evaluators should be produced so that the plaintiff can obtain the names of those who will provide favorable comments. (Obj. at 5-6.) However, the documents provided to the plaintiff do not dispute that there were comments favorable to the plaintiff. To the extent that the plaintiff seeks to rely on favorable documents, it is always open to him to apply to the Magistrate Judge to depose people whom he believes will provide favorable testimony for the plaintiff.

The plaintiff also argues that he will be hampered in proving that the reasons provided by the Committee members were in fact pretextual because he will not be able to interview those who provided comments to the Committee and show that, based on their testimony, the Committee did not accurately represent their comments. (Obj. at 3-5.) This is a potential loss from the protective order in this case. However, the Magistrate Judge performed a balancing analysis that measured the costs of discovery against the possible benefits from the discovery. Mitchell, 2005 WL 729483 at *4-*8. At this point in the litigation, even after reviewing the documents produced by the

Committee, with only the names of the evaluators redacted, the plaintiff has made only a speculative showing that the Committee misrepresented the comments it received. The plaintiff is not precluded from attempting to make this showing at a future point in the litigation. However, at this point, there is no showing of the importance of this information that outweighs the showing of real costs to the disclosure supported by credible affidavits.

The plaintiff argues that disclosure should be required under University of Pennsylvania v. EEOC, 493 U.S. 182 (1990). However, University of Pennsylvania concerned the enforcement of an EEOC subpoena where the standard was relevance. See University of Pennsylvania, 493 U.S. at 191-94. The Court found that an asserted peer review privilege was insufficient to overcome the plain meaning of the statute which required the production of relevant evidence. See id. The Univeristy of Pennsylvania opinion did not address the balancing test of Rule 26(c). Moreover, in University of Pennsylvania, the University attempted to withhold a broad class of documents involved in the tenure decision. See id. at 186. Here, the defendants have not sought to withhold such a category of documents, but only to redact the identities of the evaluators. In University of Pennsylvania, the Court specifically noted that it did not deal with the issue of redaction. See id. at 201 n.9.

The plaintiff also relies on a series of other cases where

6

courts have ordered documents turned over in discrimination cases. See, e.g., Tharp v. Sivyer Steel Corp., 149 F.R.D. 177 (S.D. Iowa 1993); Hardy v. New York News, 114 F.R.D. 633 (S.D.N.Y. 1987); Grossman v. Schwarz, 123 F.R.D. 376 (S.D.N.Y. 1989). In none of those cases, however, did the Courts deal with a screening committee to review appointments to represent defendants eligible for representation and in none of those cases did the courts deal with issue of redactions before the Magistrate Judge.

The plaintiff also argues that the defendants should not be able to rely on the contemporary documents that reflect the Committee decision making. (Reply Memorandum in Support of Plaintiff's Objections to the Magistrate's Orders of March 31, 2005, filed May 23, 2005, at 3.) The Magistrate Judge did not deal with any argument as to the admissibility of documents, and that issue is not before the Court.

The Objections to the Magistrate Judge's March 31, 2005 Order are overruled.

**SO ORDERED.**

**Dated:** **New York, New York**
**July / , 2005**

_____
John G. Koeltl
United States District Judge

7