UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEPHEN T. MITCHELL,

                       Plaintiff,

     -v.-

HARVEY FISHBEIN, et al.,

                    Defendants.
-----------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-13-07
```

: OPINION AND ORDER ON SECOND
: MOTION FOR RECONSIDERATION
: 01 Civ. 2760 (JGK) (GWG)

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

On September 13, 2007, the Court issued an Opinion and Order addressing a number of outstanding motions and applications from plaintiff. (Docket # 184). On October 1, 2007, plaintiff filed a motion to reconsider portions of that Order relating to a request for spoliation sanctions. (Docket # 187). That motion was denied by an Order dated November 1, 2007. (Docket # 191).

Plaintiff has now filed a second motion for reconsideration relating to the request for spoliation sanctions. See Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedure, filed Dec. 5, 2007 (Docket # 195). Defendants have responded by letter asserting that the Court should not even consider this latest motion on procedural grounds. See Letter from Susan Anspach, dated Dec. 5, 2007.

I. Background

The Court assumes familiarity with its two prior decisions in this area and thus will not repeat them at length. In brief, plaintiff originally sought, inter alia, (1) sanctions based on Judge Lebovits's failure to preserve notes that he took of conversations relating to plaintiff's application for recertification, and (2) sanctions based on the defendants' alleged failure to preserve "the chain of custody" regarding materials relating to the recertification process generally and "an independent record of the history of the criteria and policies and procedures pertinent for this case." Docket # 157 at 1, 9.

With respect to the first request (relating to Judge Lebovits's notes), the Court had found that spoliation sanctions were not warranted. (Docket # 184 at 8-11 & 11 n.8). Plaintiff's initial motion for reconsideration presented additional arguments relating to these notes, and the Court denied the motion on the merits. See Docket # 191.

With respect to the second request (relating to the recertification materials generally), the Court originally denied the motion because plaintiff had "provide[d] no factual explanation at all for this request." (Docket # 184 at 11 n.8). The Court noted that its denial was without prejudice to any future motion in limine. Id. Plaintiff's first motion for reconsideration as to the recertification materials sought sanctions not on the basis of a lack of "chain of custody" (the apparent basis of the first motion) but rather "because the defendants failed to turn these materials over in a timely manner and delayed their production, needlessly, for two years." (Docket # 187) (Notice of Motion). The Court denied the request for reconsideration because this argument had never previously been made. In addition, the request was denied on the merits because plaintiff had not shown how the late production of the materials prejudiced him and, indeed, it appeared that plaintiff had had the opportunity to take discovery with respect to such documents. (Docket # 191 at 3-4). In fact, in later orders, the Court specifically permitted plaintiff to make an application to take depositions to the extent that he could show that he was previously unable to take discovery with respect to defendants' late production of the recertification materials. See Docket # 189; Docket # 192. Plaintiff later took the deposition of David Spokony, an employee of the Appellate Division, First Department.

In his second motion for reconsideration, plaintiff now asks the Court to reconsider its decision as to both aspects of its ruling. (Docket # 195). Plaintiff explicitly premises his motion on the recent availability of the testimony of Mr. Spokony. Id. at 2.

## II. Legal Standards for Motions to Reconsider

Local Civil Rule 6.3 provides that a party moving for reconsideration must submit a memorandum of law "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, "[a] motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." Lent v. Fashion Mall Partners, L.P., 243 F.R.D. 97, 98 (S.D.N.Y. 2007) (citations omitted).

Here, plaintiff is using the testimony of Mr. Spokony as a basis for his motion – testimony that was never before presented to the Court. While normally "a party may not advance new facts, issues or arguments not previously presented to the Court," Davey v. Dolan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007) (citation, bracketing and internal quotation marks omitted), the Court had contemplated that plaintiff would have the opportunity to take a belated deposition of Mr. Spokony based on the defendants' late production (in May 2007) of materials relating to the recertification process generally. Accordingly, to the extent that plaintiff's motion is based on the testimony of Mr. Spokony, the Court will allow plaintiff to seek reconsideration.

2

III. Discussion

    A. Motion Relating to Judge Lebovits's Notes

Plaintiff's papers state that he seeks reconsideration of the Court's decision as to Judge Lebovits's notes. (Docket # 195 at 2). But the only reason given for this request is that at his deposition, Mr. Spokony "testified that the Appellate Division had an obligation to preserve documents if their representatives were told that the court was going to be sued." (Docket # 195 at 2). This testimony does not change the legal analysis previously articulated in the Court's two prior decisions on this point. (Docket # 184 at 8-11; Docket # 191 at 2-3). Accordingly, the motion for reconsideration as to Judge Lebovits's notes is denied.

    B. Motion Relating to Recertification Documents

With respect to the recertification documents, plaintiff states that he learned from Mr. Spokony that a "handbook and policy manual" that was furnished to him in discovery was issued in September 1997. He asserts that he asked for policy manuals and handbooks "dating as far back as 1994 and that these manuals were not produced." (Docket # 195 at 3-4). Based on these facts, plaintiff argues that defendants should be "sanctioned for failing to preserve and produce the 1994 to September 1997 policy manuals." (Docket # 195 at 4). The specific sanction that he seeks is that defendants should be "den[ied] . . . the opportunity to make a summary judgment motion." Id.

Plaintiff's application is denied because he has provided no basis on which the Court could issue a spoliation sanction. Notably, plaintiff presents no facts in admissible form regarding the time period these documents were in the defendants' possession, who was their custodian, how they came to be lost or destroyed, or the specific reason they are relevant to his case – to list but a few examples. Thus, the Court cannot conclude that any of the spoliation factors have been met. Most obviously, no admissible evidence is given as to how the missing documents would have supported plaintiff's case, one of the necessary prerequisites to a spoliation sanction. See, e.g., Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 108 (2d Cir. 2001) (party has the burden of producing "some evidence suggesting that a document or documents relevant to substantiating his claim would have been included among the destroyed files") (citation and internal quotation marks omitted).

Conclusion

Plaintiff's second motion to reconsider (Docket # 195) is denied.

3

SO ORDERED.

Dated: December 13, 2007
      New York, New York

                                                          GABRIEL W. GORENSTEIN
                                                          United States Magistrate Judge

Copies sent to:

Stephen T. Mitchell, P.C.
Attorney At Law
110 Wall Street, 11th floor
New York, NY 10005

Susan Anspach
Monica Connell
Assistant Attorney General
120 Broadway
New York, NY 10271