**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**STEPHEN MITCHELL,**

                         Plaintiff,

    — against —

**THE ADMINISTRATOR AND THE DIRECTOR OF THE ASSIGNED COUNSEL PLAN OF THE CITY OF NEW YORK, et al.,**

                         Defendants.
————————————————————————

**01 Civ. 2760 (JGK)(GWG)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    The plaintiff has filed objections dated November 26, 2007 (Docket No. 196) to the Magistrate Judge's Orders dated September 13, 2007 and November 1, 2007. The September 13, 2007 Order considered various applications by the plaintiff and by the defendants. The plaintiff alleges that it was error for the Magistrate Judge to fail to impose sanctions on the defendants because defendant Gerald Lebovits failed to retain certain notes that formed the basis for other letters that have been produced in the course of discovery in this action and that are relevant to the reasons that the plaintiff was not re-certified as an 18-B assigned counsel in the New York State Supreme Court. The plaintiff alleges that he was not recertified based on his race and/or retaliation. The Magistrate Judge concluded that no sanctions were appropriate because, among other reasons, the plaintiff had failed to offer evidence that the notes would have

been relevant to substantiating his claim. See Fujitsu Ltd. v. Fed. Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001); Byrnie v. Town of Cromwell Bd. Of Educ., 243 F.3d 93, 108 (2d Cir. 2001); Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998). The plaintiff argues that this Court should issue an order that "overrules the magistrate judge's orders and denies the defendants the opportunity to put forth a summary judgment application because of the spoilage[sic] of the notes." (Pl. Mot. at 10, November 24, 2007.)

The plaintiff has also filed objections dated December 28, 2007 (Docket No. 201) to the Magistrate Judge's Order dated December 13, 2007 which denied reconsideration of the prior orders on the basis of testimony from an official of the Appellate Division, First Department in which the plaintiff contended that the official acknowledged an obligation to preserve documents if their representatives were told that the court was going to be sued. The plaintiff argues that he did threaten to sue if he were not recertified. The Magistrate Judge denied the motion on the grounds that it did not change the legal analysis previously articulated by the Court.

A court may reconsider any decision of a magistrate judge on a non-dispositive motion that is "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72

(a).

In this case, the Court cannot conclude that the denial of the sanctions sought by the plaintiff was clearly erroneous or contrary to law. A party seeking an adverse inference from the destruction of evidence must establish: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002)(citation omitted). The Court of Appeals has noted that "[o]nce a court has concluded that a party was under an obligation to preserve the evidence that it destroyed, it must then consider whether the evidence was intentionally destroyed, and the likely contents of that evidence... The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge." Fujitsu, 247 F.3d at 436. It cannot be said that the Magistrate Judge's decisions were clearly erroneous or contrary to law in refusing to impose sanctions at this point based on the destruction of the notes in the absence of a showing that the notes differed from the

letters that were produced and that they would support the plaintiff's claims.

It is plain that the plaintiff's request that the Court preclude the defendants from making a motion for summary judgment is unjustified. In both <u>Byrnie</u> and <u>Kronisch</u>, on which the plaintiff relies, the Court of Appeals found that the plaintiff was entitled to the benefit of an adverse inference based on the destruction of documents which, when added to other evidence in the summary judgment record, was sufficient to deny the motion for summary judgment. See <u>Byrnie</u>, 294 F.3d at 110-12; <u>Kronisch</u>, 150 F.3d at 130. The Court of Appeals did not say that the adverse inference would be sufficient to deny the defendants the right to make a motion for summary judgment. Rather, given the very fact-specific nature of the inquiry involved in a motion relating to the destruction of evidence, all of the facts of the destruction should be analyzed, together with all of the evidence on the motion for summary judgment in determining what effect, if any, evidence of the destruction of evidence should have on the ability of a party to obtain summary judgment in view of its destruction of some documents. As the Court of Appeals explained, "We do not suggest that the destruction of evidence, standing alone, is enough to allow a party who had produced no evidence - or utterly inadequate evidence in support of a given claim to survive summary judgment

on that claim. But at the margin, whether the innocent party has produced some (not insubstantial) evidence in support of his claim, the intentional destruction of relevant evidence by the opposing party may push a claim that might not otherwise survive summary judgment over the line." Kronisch, 150 F.3d at 128 (internal citation omitted). Where the evidence in this case will stand on a motion for summary judgment can only be determined in the context of the motion for summary judgment. The plaintiff has not justified denying the defendants the right to make a motion for summary judgment and to have his allegations of the destruction of evidence considered in the totality of the evidence presented on the motion for summary judgment.

The objections (Docket Nos. 196 and 201) are overruled, without prejudice to raising any arguments relating to the destruction of evidence in the context of any motion for summary judgment.

**SO ORDERED.**

Dated: New York, New York
April 3, 2008

_____
John G. Koeltl
United States District Judge